Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 SEP -5 AM 9: 59

CLERK OF COURT

By

# IN THE SUPERIOR COURT OF GUAM

RON MORONI AND PHYLLIS KOEGEL,,

                   Plaintiffs,

vs.

FRANKLIN CASTRO, ANTHONY JAMES CASTRO, EFREN SANTOS

                   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV1004-05

**DECISION ON PLAINTIFF'S STATEMENT OF OBJECTION TO QUALIFICATION OF TRIAL JUDGE TO PRESIDE OVER THE CASE**

## INTRODUCTION

This matter is before this Court for consideration of Plaintiff Moroni's objection to the Honorable Arthur R. Barcinas continuing to preside in the above-captioned case. Judge Barcinas timely filed a Verified Answer to the objection.

Moroni's statement of objection is based on a single Decision and Order ("D&O") issued by Judge Barcinas in an unrelated domestic case in which Moroni appeared as counsel for the plaintiff. In that action, a divorce proceeding, Judge Barcinas dismissed the complaint for divorce for lack of personal jurisdiction and admonished Moroni for failing to comply with the statutory procedures for filing a complaint for divorce and serving the complaint on a defendant. In addition, the court imposed sanctions on Moroni for various procedural violations and misrepresentations that the Court found had occurred in the time during which Moroni appeared as counsel.

Moroni's lengthy objection can be distilled down to the following arguments: Moroni claims that the D&O issued by Judge Barcinas is evidence of actual bias

and also provides a basis upon which an objective person might reasonably question Judge Barcinas' impartiality because 1) the D&O contains numerous rulings that Moroni believes do not constitute reasonable or consistent interpretations of the law; and 2) Judge Barcinas imposed sanctions against Moroni without a hearing, which Moroni argues was contrary to law and suggests prejudice. Having carefully considered Plaintiff's statement of objection, this Court finds it must be denied.

## DISCUSSION

Title 7, chapter 6 of the Guam Code sets forth the standard by which a judge must recuse himself or herself from a case. Guam's recusal statutes are nearly identical to federal statutes governing recusal and thus federal cases applying the statutes are persuasive. See Gibbs v. Holmes, 2001 Guam 11 ¶ 15; People v. Diaz, 2007 Guam 3, ¶ 14, n. 4. Under title 7, section 6105(b)(1) of the Guam Code, a Judge must recuse himself or herself "[w]here he or she has a personal bias or prejudice concerning a party . . . ." However, even if no actual bias or prejudice exists, section 6105(a) requires that a judge recuse himself or herself "in any proceeding in which his or her impartiality might reasonably be questioned . . . ." Section 6105(a) sets forth an objective test by which courts must consider "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is impartial." People of Guam v. Tennessen, 2010 Guam 12 ¶ 33. The pith of the issue, then, is whether the judge has actual prejudice, or whether an objective person with knowledge of all the facts "would perceive a significant risk that the judge will resolve the case on a basis other than the merits." Id. With these general principles in mind, this Court addressees Moroni's arguments in favor of disqualification.

I.    Alleged Errors of Law and Unfavorable Rulings

-2-

Moroni points to no less than four different rulings within the D&O that were unfavorable to Moroni's client and which Moroni believes have no basis either in law or fact and, therefore, reveal a clear bias by Judge Barcinas against Moroni. Generally, an alleged bias must stem from an "extrajudicial source." Van Dox v. Super. Ct., 3008 Guam 7 ¶ 35; Liteky v. United States, 510 U.S. 540, 554-56 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555; see also Pearce v. Sullivan, 871 F.2d 61, 63 (7th Cir. 1989) ("Prejudice such as will disqualify a judicial officer . . . refers to prejudgment based on information obtained outside the courtroom, rather than to rulings, even if hasty, or errant, formed on the basis of record evidence and other admissible materials and considerations."). The Guam Supreme Court has acknowledged that "'judicial opinions expressed in the discharge of litigation and legal rulings'" as well as "'judicial reactions based on actual observance in participation in legal proceedings'" are not sufficient to sustain an objection to the competency of the court to preside over a matter. Van Dox v. Super. Ct., 2008 Guam 7 ¶ 29 (quoting In re Mirelli, 91 Cal. Rptr. 72, 88 (Ct. App. 1970)). However, "there may be an exception where 'such pervasive bias and prejudice is shown by judicial conduct as otherwise would constitute bias against a party.'" Id. ¶ 35 (quoting Whitehurst v. Wright, 592 F.2d 834, 838 (5th Cir. 1979)).

In this instance, Moroni claims that the bulk of the D&O is legally and factually erroneous and that the court's errors are attributable to bias. For example, Moroni asserts that he and other attorneys previously, and without incident or admonishment, employed many of the same procedures in Judge Barcinas' court that were specifically condemned in the recent D&O. Moroni thus concludes that Judge Barcinas' critique and contempt regarding Moroni's acts in the recent divorce matter must have resulted from some newfound bias against Moroni. However, this is not the only explanation for what may appear to be an inconsistent application of the law. Oftentimes courts are not put on notice of

improper procedures or applications of law until parties file a motion bringing the relevant issues to the attention of the court. Thus, simply highlighting one written decision that is before the court on a motion seeking relief from judgment and setting that decision against a backdrop of other similar cases in which the court may not have been asked to rule on alleged procedural deficiencies does not provide a clear example of bias or prejudice. Nor does a showing that the court could have applied the law and facts to reach a different conclusion constitute sufficient evidence of bias against Moroni in this matter.

Where a party relies on prior rulings or statements by a judge made in the course of litigation as the sole basis for a recusal motion, the judicial acts must "display a deep-seated favoritism that would make fair judgment impossible," Liteky, 510 U.S. at 455, 114 S.Ct. 1147, or allow an objective person to reasonably question the judge's impartiality. 7 G.C.A. § 6105; see, e.g., United States v. Johnson, 610 F.3d 1138, 1148 (9th Cir. 2010) ("[judge's] dismissal of the defendants' prior civil case, his order of sanctions against their attorney, his award of costs and fees to the civil defendants, and his referral of the matter to the U.S. Attorney's Office were judicial actions that will not serve as bases for recusal absent unusual circumstances"). Barring some egregious misinterpretation or misapplication of law by the court evidencing clear prejudice against a party, unfavorable legal rulings are not valid grounds for disqualification of a judge.

A review of Judge Barcinas' D&O regarding the divorce action uncovers no clear traces of deep-seated bias. Each ruling contained within that D&O appears to be grounded in a reasonable interpretation of the law and facts specific to that case. The admonishments included within the D&O appear leveled and appropriate given the circumstances presented to the court. Moroni fails to show "pervasive prejudice" in the court's conduct that would constitute bias. See Van Dox, 2008 Guam 7 ¶ 35 (noting that an exception to the extrajudicial source doctrine exists where the judicial decisions are indicative of pervasive prejudice). Absent evidence that the

court's personal prejudice against Moroni drove the court to reach an erroneous decision, it cannot be presumed that the court harbors actual prejudice. Nor would it seem that an objective person could reasonably question Judge Barcinas' impartiality in the present matter simply because the court issued rulings adverse to Moroni's client and admonished Moroni's acts as counsel in a previous matter.

## II. Sanctions As Evidence of Bias

Moroni also argues that the fact that Judge Barcinas issued sanctions against him, without allowing a hearing and an opportunity for Moroni to respond, is evidence of Judge Barcinas' bias against Moroni. This argument, like Moroni's previous argument, simply attacks an unfavorable judicial ruling and fails to offer extrajudicial evidence of the court's bias. Therefore, unless the alleged judicial conduct illustrates "pervasive prejudice," Van Dox, 2008 Guam 7 ¶ 29, evidences a deep-seated bias, Liteky, 510 U.S. at 455, 114 S.Ct. 1147, or is so indicative of prejudice that an objective observer knowing all the facts would question the court's impartiality, 7 G.C.A. § 6105(a), the objection must be denied. The circumstances here fall short of the standards under which an objection to the court's competency could be granted.

The basis for the sanctions against Moroni was Judge Barcinas' determination that Moroni had made misrepresentations of fact and law to the court during his representation of the plaintiff and in filing the complaint for divorce pursuant to Rule 8 of the Guam Rules of Civil Procedure. Judge Barcinas determined that issuing a sanction without a hearing was justified and proper under GR 2.1. Whether or not the sanction was issued in error is not crucial in determining whether the court is subject to disqualification – again, the mere fact that a judge issues an incorrect ruling is not a sufficient basis for finding prejudice in a motion to disqualify the court. The record indicates that the court's ruling was at least grounded in law and based on facts appearing in the record.

See Silverman v. Mut. Trust Life Ins. Co. 98 F.3d 926 (6th Cir. 1996) ("A hearing is not necessarily required [before the imposition of sanctions] where the court has full knowledge of the facts and is familiar with the conduct of the attorneys."). Moreover, the mere fact that a court imposes sanctions or criticizes a party on prior occasion will generally not be sufficient for recusal. For instance, in Jaffee v. Grant, 793 F.2d 1182 (11th Cir. 1986), cert. denied, 480 U.S. 931, 107 S.Ct. 1566, 94 L.Ed.d 759 (1987), the Eleventh Circuit found no basis for recusal despite the fact that the district court had sanctioned defendant on numerous occasions and criticized the defendant's litigation tactics. Here, the fact that Judge Barcinas issued sanctions during the course of litigation in relation to a perceived violation of an attorney's duty of candor to the court and duty to abide by rules of procedure is not sufficient evidence that the court harbors any actual or perceived bias against Moroni; nor would the circumstances lead a reasonable person to conclude that the court would be unable to act impartially in the matter now before the court.

## CONCLUSION

Upon examination of the D&O, this Court is not convinced that the alleged errors of law and imposition of sanctions on Moroni without the opportunity for a hearing suffice as evidence of actual prejudice or that the D&O provides a basis upon which a reasonable person could reasonably question Judge Barcinas' impartiality in this case. As such, Plaintiff Moroni's objection to the competency of the court to continue sitting in these proceedings is hereby OVERRULED

Dated this 5th day of SEPTEMBER 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

SEP 05 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

-6-